IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LENARD GIBSON | ) | |
| | ) | |
| v. | ) | Cr. No. 04-084ML |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

GOVERNMENT'S RESPONSE TO PETITIONER'S MOTION FOR LEAVE TO FILE AN EXTENSION OF TIME TO FILE A § 2255 PETITION FOR WRIT OF HABEAS CORPUS

Petitioner's motion for more time in which to file his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 should be denied because petitioner has failed to comply with the statutory time limits for filing a § 2255 petition and there are no exceptional circumstances warranting equitable tolling of the statutory time limits. See 28 U.S.C. § 2255; Trenkler v. United States, 268 F.3d 16, 24-27 (1st Cir. 2001); see also David v. Hall, 318 F.3d 343, 344 (1st Cir. 2003) (addressing equitable tolling in the context of § 2244).

FACTS

Petitioner was convicted of being a felon in possession of a firearm after a jury trial. On April 13, 2005, he was sentenced to 120 months imprisonment. Petitioner filed a notice of appeal and his conviction was affirmed by the First Circuit Court of Appeals on May 23, 2006. The First Circuit Court of Appeals issued its mandate on June 14, 2006. Sixty-nine (69) days later, on August 22, 2006, the deadline for filing a petition for

certiorari to the Supreme Court contesting the First Circuit's affirmation of his conviction, expired without petitioner filing a petition for certiorari. One year later, on August 22, 2007, petitioner's deadline for filing a § 2255 petition passed. On September 18, 2007, 27 days after his § 2255 deadline passed, petitioner mailed a motion for extension of time in which to file a § 2255 petition.

LAW

"A motion by a federal prisoner for postconviction relief under 28 U.S.C. § 2255 is subject to a one-year time limitation that generally runs from 'the date on which the judgment of conviction becomes final.'" Clay v. United States, 537 U.S. 522, 524 (2003). Once this statute of limitations expires, litigants are foreclosed from bringing their claims. See United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir.), cert. denied, 531 U.S. 878 (2000).

Statutory exceptions to this one-year time limitation exist where the government impeded relief, new constitutional rights were created by the Supreme Court, or newly discovered facts underpin the claim. See 28 U.S.C. § 2255; United States v. Cicero, 214 F.3d 199, 200-01 (D.C. Cir. 2000). Additionally, equitable tolling of the statute of limitations under § 2255 may exist in rare and exceptional circumstances. See Trenkler, 268 F.3d at 24-27.

Absent one of the exceptions, a federal defendant, such as the one in this case, who unsuccessfully appeals his conviction, but does not petition for a writ of certiorari from the Supreme Court, has one year and 69 days after the Court of Appeals issues its mandate in which to file his § 2255 petition. See Clay, 537 U.S. at 525. This is because a defendant's judgment becomes final for postconviction relief purposes "when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." Clay, 537 U.S. at 525. The time for filing a petition for a writ of certiorari to the Supreme Court expires 69 days after the issuance of the appellate court's mandate. See id.

ARGUMENT

The petitioner did not file a § 2255 petition or even his motion for extension of time in which to file a § 2255 petition within the time limitations of 28 U.S.C. § 2255. His deadline for filing a § 2255 petition passed on August 22, 2007, one year and 69 days after the First Circuit issued its mandate, and 27 days before petitioner filed this motion. Accordingly, petitioner's motion should be denied for lack of timeliness.

None of the statutory exceptions to the general rule apply in this case. Petitioner asks for more time in which to file his petition because he claims that the law library was not in place when he arrived at United States Penitentiary-Canaan (USP-Canaan)

and that he encountered delays in obtaining copies. Even if his complaints were substantiated and true[1], the only exception his claims arguably fit within is the first one, a situation in which the government unlawfully impeded petitioner's ability to make the motion. However, petitioner has not met his burden to show that his claims caused him an actual injury, that the alleged denial of access to a library was unconstitutional, and that any alleged lack of a law library was not reasonably related to penological interests. See Akins v. United States, 204 F.3d 1086, 1090-91 (11th Cir.), cert. denied, 531 U.S. 971 (2000) (lack of access to a law library and misplaced legal papers did not warrant equitable tolling or constitute a statutory exception to the filing deadline in § 2255); see also Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998) (lack of access to a law library does not excuse failure to meet § 2244[2] filing deadline); Sanchez v. United States, 170 Fed. Appx. 643, 647 (11th Cir. 2006)[3] ("'[t]he mere inability of a prisoner to access the law library

---

[1] According to officials with the Bureau of Prisons (BOP), USP-Canaan opened in February 2005 and petitioner arrived at USP-Canaan in May 2005, approximately two years and four months before petitioner's deadline for filing his § 2255 petition expired. The government is presently seeking documentation from USP-Canaan regarding petitioner's access to a law library since June 14, 2006, the date the First Circuit issued its mandate.

[2] The statutory exceptions to the filing period under § 2244 and § 2255 are the same.

[3] This case was not published in the Federal Reporter.

is not, in itself, an unconstitutional impediment.'").

Likewise, equitable tolling does not apply in this case. "Equitable tolling is not warranted where the claimant simply 'failed to exercise due diligence in preserving his legal rights.'" Trenkler, 268 F.3d at 25. Petitioner's unsupported and unexplained allegations regarding his lack of access to a library and his difficulty obtaining copies does not set forth extraordinary circumstances explaining why he was unable to satisfy the filing deadline or even file his motion for an extension of time within the filing deadline. See id. at 25 (a petitioner's lack of awareness of, or confusion concerning, § 2255 or the AEDPA deadlines does not justify equitable tolling); Cicero, 214 F.3d at 204-05 (generalized allegations concerning unavailability of records do not justify equitable tolling); Felder v. Johnson, 204 F.3d 168, 172 (5th Cir. 2000) (ignorance of the law is insufficient to warrant equitable tolling); see also United States v. Stone, 68 Fed. Appx. 563, 565 (6th Cir. 2003)[4] (insufficient access to a library does not warrant equitable tolling of the statute of limitations); Celikoski v. United States, 21 Fed. Appx. 19, 21-22 (1st Cir. 2001)[5] (failure of counsel or court to inform defendant that his conviction was affirmed did not warrant equitable tolling because defendant

---

[4] This case was not published in the Federal Reporter.

[5] This case was not published in the Federal Reporter.

failed to show how these circumstances prevented him from filing his motion within the limitations period); Gary v. United States, 2 Fed. Appx. 17, (1st Cir. 2001)[6] (attorney error does not warrant equitable tolling).

## CONCLUSION

For the reasons stated above, the petitioner's motion for an extension of time should be denied. Petitioner did not file his motion for extension of time within the one-year time limit for filing a § 2255 petition, nor has he set forth circumstances that warrant a statutory or equitable exception to the limitations period.

Respectfully submitted,

UNITED STATES OF AMERICA,

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U.S. Attorney
New York Bar
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj.gov

[6] This case was not published in the Federal Reporter.

CERTIFICATION

I hereby certify that on October 25, 2007, a copy of the within "Government's Response to Petitioner's Motion for Leave to File an Extension of Time to File a § 2255 Petition for Writ of Habeas Corpus" was filed electronically and is available for viewing and downloading from the ECF system.

Additionally, I caused the within response to be mailed to petitioner at the following address:

Lenard Gibson
#05503070
U.S.P. Canaan
P.O. Box 300
Waymart, Pennsylvania 18472

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj