IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LENARD GIBSON | ) | |
| | ) | |
| v. | ) | Cr. No. 04-084ML |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

GOVERNMENT'S REPLY TO PETITIONER'S "MOTION TO OBJECT TO PROSECUTOR'S RESPONSE OF PETITIONER'S MOTION FOR EXTENTION (sic) OF TIME TO FILE A § 2255 PETITION FOR WRIT OF HABEAS CORPUS"

For the reasons stated in this reply and the government's response (Doc. # 63) to petitioner's motion for extension of time, the Court should continue to deny the petitioner's motion for extension of time in which to file his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255.

FACTS AND TRAVEL

Petitioner was convicted of being a felon in possession of a firearm after a jury trial. He was sentenced on April 13, 2005. The First Circuit Court of Appeals affirmed the conviction on May 23, 2006. Petitioner filed a petition for certiorari with the U.S. Supreme Court, and his petition was denied on October 2, 2006[1].

---

[1] At the time the government filed its initial response to petitioner's motion for extension of time (Doc. #63), the government was unaware that petitioner had filed a petition for certiorari. The district court docket, which is what the

On September 18, 2007, 14 days before his § 2255 deadline expired, petitioner mailed a motion for extension of time in which to file a § 2255 petition. On October 24, 2007, the government filed a response opposing an extension of time, arguing that the petitioner's deadline for filing a § 2255 motion passed on August 22, 2007 and that equitable tolling was not appropriate in his case. On October 26, 2007, the Court denied the petitioner's motion for the reasons stated in the government's brief.

The petitioner then filed a motion objecting to the government's response. In his motion, petitioner indicated that he had filed a petition for certiorari, and that the Supreme Court denied his petition on October 2, 2006. As stated in footnote 1, the government was unaware that a petition for certiorari had been filed. Given that a petition for certiorari had been filed and was denied on October 2, 2006, the petitioner is correct that his deadline for filing a petition pursuant to § 2255 expired on October 2, 2007 and not on August 22, 2007 as originally believed to be the case by the government.

---

government relied upon in determining whether a petition for certiorari had been filed, does not reflect the filing of a petition for certiorari. However, the First Circuit Court of Appeals docket report does reflect that a petition for certiorari was filed on June 19, 2006, and denied by the U.S. Supreme Court on October 2, 2006.

## ARGUMENT

Despite the fact that petitioner filed his motion for extension of time prior to the expiration of the statute of limitations under § 2255, the Court should nonetheless continue to deny the petitioner's motion for an extension of time. First, the Court lacks jurisdiction to consider an extension of time prior to the filing of the § 2255 motion itself. Second, the petitioner has not filed his § 2255 motion within the period of limitations. Third, as already explained in the government's response (Doc. # 63) to the motion for an extension of time, the petitioner has not set forth grounds warranting equitable tolling of the statute of limitations.

A district court lacks jurisdiction to consider the timeliness of a § 2255 petition until a petition is actually filed. See Green v. United States, 260 F.3d 78, 82 (2d Cir. 2001); United States v. Leon, 203 F.3d 162 (2d Cir. 2000) (per curiam); see also United States v. McFarland, 125 Fed. Appx. 573 (5th Cir. 2005) (unpublished). Thus, "a district court may grant an extension of time to file a motion pursuant to section 2255 only if (1) the moving party requests the extension upon or after filing an actual section 2255 motion, and (2) 'rare and exceptional' circumstances warrant equitably tolling the

limitations period." Green, 260 F.3d at 82-83[2]; Ramirez v. United States, 461 F.Supp.2d 439, 441 (E.D.Va. 2006) (since the motion for an extension of time in which to file a § 2255 motion could not be construed as a § 2255 petition, the district court lacked jurisdiction to consider the motion); Nelson v. United States, 380 F.Supp.2d 100, 103-04 (N.D.N.Y. 2005) (holding that a district court lacks jurisdiction to grant an extension to the one-year period of limitation under § 2255, but found that equitable tolling was warranted under the facts of the case); United States v. Estupinian-Paredes, 967 F.Supp. 39, 40 (D.Puerto Rico 1997) (motion for an extension of time in which to file a § 2255 motion not ripe until § 2255 petition filed); see also United States v. Jimenez-Martinez, 2002 WL 32759590 (D.Mass. April 26, 2002) (unpublished) (motion for extension of time filed prior to § 2255 petition was not ripe for consideration).

The deadline for petitioner's § 2255 motion was October 2, 2007. He had not filed a § 2255 petition, nor has he set forth grounds warranting equitable tolling of the statute of limitations. As already addressed in its response (Doc. #63), equitable tolling of the statute of limitations under § 2255 is only possible in rare and exceptional circumstances. See Trenkler v. United States, 268 F.3d 16, 24-27 (1st Cir. 2001).

---

[2] The government did not find a First Circuit Court of Appeals case on point.

Such circumstances are not present in this case.

In Warren v. United States, 71 F.Supp.2d 820, 823 (S.D.Ohio 1999), the petitioner filed a motion for an extension of time in which to file a § 2255 petition 18 days before the one-year statute of limitations expired. The district court held that the petitioner's motion failed to rise to the level of "the rare, exceptional, inequitable circumstance" that would justify equitably tolling the statute of limitations. Id. Accordingly, the district court denied the motion for an extension of time. Id.

Likewise, in United States v. Van Poyck, 980 F.Supp. 1108, 1109 (C.D.Cal. 1997), the petitioner filed a motion for enlargement of time in which to file a § 2255 petition shortly before his limitation period expired. The government opposed the petitioner's motion because the petitioner had not shown "'extraordinary circumstances'" beyond his control making it impossible for petitioner to timely file his § 2255 petition. Id. The district court recognized that equitable tolling of the statute of limitations under § 2255 was possible, but concluded that petitioner's claimed difficulty in obtaining transcripts and his limited access to the law library due to prison lockdowns did not warrant equitable tolling of the statute. See id. at 1110. Thus, the district court denied the petitioner's motion for an extension of time.

The case at hand does not differ significantly from Warren or Van Poyck. Petitioner Gibson filed his motion for extension of time within two weeks of the deadline for his § 2255 petition and he did not set forth "extraordinary circumstances" warranting tolling of the statute of limitations. Petitioner has failed to meet his burden and his motion for extension of time should be denied.

## CONCLUSION

For the reasons stated above and for the reasons stated in the government's response (Doc. #63), the petitioner's motion for an extension of time should be denied.

Respectfully submitted,

UNITED STATES OF AMERICA,

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U.S. Attorney
New York Bar
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj.gov

CERTIFICATION

I hereby certify that on November 14, 2007, a copy of the within "Government's Reply to Petitioner's Motion to Object to Prosecutor's Response of Petitioner's Motion for Extention (sic) of Time to File a § 2255 Petition for Writ of Habeas Corpus" was filed electronically and is available for viewing and downloading from the ECF system.

Additionally, I caused the within response to be mailed to petitioner at the following address:

Lenard Gibson
#05503070
U.S.P. Canaan
P.O. Box 300
Waymart, Pennsylvania 18472

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj