IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

LENARD GIBSON
PETITIONER,

V. Cr. No. 04-084ML

UNITED STATES OF AMERICA
RESPONDANT.

PETITIONER'S REPLY TO"GOVERNMENT'S REPLY TO PETITIONER'S MOTION TO OBJECT TO PROSECUTOR'S RESPONSE OF PETITIONER'S MOTION FOR EXTENTION OF TIME TO FILE A § 2255 PETITION FOR WRIT OF HABEAS CORPUS"

For the reasons stated in this reply and the fact that petitioner did file his § 2255 petition for writ of habeas corpus and for reasons stated in petitioner's original"MOTION FOR EXTENTION OF TIME", and petitioner's "MOTION TO OBJECT TO PROSECUTOR'S RESPONSE OF PETITIONER'S MOTION FOR EXTENTION OF TIME", the Court should not continue to deny the petitioner's motion for extention of time in which to file his petition for writ of habeas corpus pusuant to 28 U.S.C. § 2255.

FACTS

Petitioner was convicted of being a felon in possession of a firearm after a jury trial. He was senteenced on April 13, 2005. The First Circuit Court of Appeals affirmed the conviction on May 23, 2006. petitioner filed his petition for certiorari with the U.S. Supreme Court, and his petition was denied on October 2, 2006.

On September 18, 2007, petitioner mailed his motion for extention of time in which to file a § 2255 petition. On September 26, 2007 petitioner mailed his application for his"Motion to Vacate or Set Aside Judgment Pursuant to 28 U.S.C. § 2255". On October 24, 2007, the government filed a response opposing an extention of time, arguing that the petitioner's deadline for filing a § 2255 motion passed on August 22, 2007 and equitable tolling was not appropriate in this case. On October 26, 2007, the Court denied the petitioner's motion for extention of time for the reasons stated in the government's brief. Petitioner then filed an objection to government's response.

ARGUMENT

The prosecutor solicit the Court with incorrect information regarding petitioner in two aspects involving his submission of writ of certiorari, and the compliance with the statutory time limits for filing a § 2255 petition. The government agreed with petitioner in it's reply to petitioner's response regarding the time in which his deadline to file a § 2255 habeas corpus began on October 2, 2006. But the government still wrongly states that "petitioner has not filed his § 2255 motion within the period of limitations."
Petitioner mailed his § 2255 motion on September 26, 2007.
The pro-se prisoner has no choice but to entrust the forwarding of his notice of appeal to prison authorities whom he cannot control or supervise and who may have every incentive to delay. No matter how far in advance the pro-se prisoner delivers his notice to the prison authorities, he can never be sure that it will ultimately get stamped"filed" on time. And if there is delay the prisoner suspects is attributable to the prison authorities, he is unlikely to have any means of proving it, for his confinement prevents him from monitoring the process suff-

iciently to distinguish delay on the part of prison authorities from slow mail sevice or the court clerk's failure to stamp the notice on the date received. Unskilled in law, unaided by counsel, and unable to leave the prison, his control over the processing of his notice necessarily ceases as soon as he hands it over to the only public officials to whom he has access-the prison authorities-and the only information he will likely have is the date he delivered the notice to prison authorities and the date ultimately stamped on his notice.

The question is of timing not destination: whether the moment of "filing" occurs when the notice is delivered to the prison authorities or at some later juncture in it's processing. The rules are not dispositive on this point, for neither rules set fourth criteria for determining the moment at which the "filing" has occured. See Fallen, 378 US, at 144, 12 L Ed 2d 760, 84 S Ct 1689(Stewart,j.,joined by Clark, Harlan, and Brennan,jj.,concurring)(concluding that under Rule 37(a)a "filing with the clerk of the district court" of a pro-se prisoner's notice of appeal occurs when he delivers it to prison authorities for forwarding to the district court). See Rule 28.2(providing that a document can be deemed "filed" at the moment it is deposited in the mail for delivery to the clerk of court).

CONCLUSION

For the reasons stated above and for the resons stated in petitioner's motions already submitted this motion and motion for extention of time should be granted.

Respectfully submitted,

Lenard Gibson#05503-070
P.O. Box 300
Waymart,Pa 18472

CERTIFICATION

I hearby certify that on November 19, 2007, a copy of the within "Petitioner's reply to government's reply to petitioner's motion to object to prosecutor's response of petitioner's motion for extention of time to file a § 2255 petition for writ of haeas corpus" was mailed to ONE EXCHANGE TERRACE, FEDERAL COURTHOUSE(Clerk of Court)Providence,R.I. 02903.

Lenard Gibson#05503-070
P.O. Box 300
Waymart, Pa 18472

HOME BUILDERS INSTITUTE

# HOME BUILDERS INSTITUTE

*Hereby recognizes that*

**Lenard Gibson**

*successfully completed the Residential Construction Academy instruction in the area of*

# House Wiring

*completed at*

***USP CANAAN***

Instructor 8-21-07

**400 Hours**

Affiliated with NAHB National Association of Home Builders

*Steve Kramer, Vice President*
*Residential Construction Academy*
*Home Builders Institute*

# *Certificate of Achievement*
## *awarded to:*

## *GIBSON*
## *05503-070*

## *FOR COMPLETING*
### *CIRCUIT TRAINING*

**March 10, 2007**

**K. Cook**
**Program Supervisor**

HOME BUILDERS INSTITUTE

# Home Builders Institute

*Hereby recognizes*

**Lenard Gibson**

*who has successfully completed Residential Construction Academy instruction in the area of*

# *Electrical Principles*

*Completed at*

***USP Canaan***

Instructor 2-20-07

Affiliated with

NAHB
NATIONAL ASSOCIATION OF HOME BUILDERS

Steven Kramer, Vice President
Residential Construction Academy
Home Builders Institute

RESIDENTIAL CONSTRUCTION ACADEMY

**300 Hours**

HOME BUILDERS INSTITUTE

# HOME BUILDERS INSTITUTE

*Hereby recognizes*

**Gibson Lenard**

*who has successfully completed Residential Construction Academy instruction in the area of*

# Plumbing

*Completed at*

***USP Canaan***

Instructor 1-9-07

Affiliated with

NAHB
NATIONAL ASSOCIATION OF HOME BUILDERS

Steven Kramer, Vice President
Residential Construction Academy
Home Builders Institute

RESIDENTIAL CONSTRUCTION ACADEMY

**600 Hours**

# Certificate of Accomplishment

This certificate is awarded to

## L. Gibson

**for participation and completion of**

Accounting

December, 2006

**an Adult Continuing Education Class**

ACE Coordinator

# Certificate of Accomplishment

This certifies that

LENARD GIBSON

for participation and completion of .

MANAGING YOUR HEALTH

a Release Preparation Education Class

R. E

Class Instructor