## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

LENARD GIBSON       |

                      |

v.                     |        CR. No. 04-084-ML

                      |

UNITED STATES OF AMERICA  |

### MEMORANDUM AND ORDER

Pending before the Court is Lenard Gibson's "Judicial Notice and /or Motion pursuant to [Federal Rule of Civil Procedure] 60(b)" (Doc. #68) in the above matter. The motion seeks relief from this Court's ruling (Doc. #64) denying Gibson's motion to extend the time to file a motion to vacate or set aside sentence pursuant to 28 U.S.C. § 2255 (Doc. #61, filed September 24, 2007).

After reviewing the filings submitted by the parties in connection with this motion, this Court will deny Gibson's Rule 60(b) motion. This Court further finds that to the extent Gibson purported to file a § 2255 motion to vacate, that filing was untimely and must be dismissed.

### BACKGROUND AND TRAVEL

A.    Underlying Offense and Conviction

Gibson was charged in a one-count indictment with, having been previously convicted of a felony, knowingly and intentionally possessing two firearms, in violation of 18 U.S.C. §§922(g)(1) and 924(e). The charges arose from Gibson's attempt to purchase two firearms from a gun store in East Providence, using a friend as a straw purchaser. Prior to trial the Government filed an information (Doc. #12) stating that Gibson had previously been convicted of three serious drug offenses, one in the state of Georgia and two in Rhode Island, thus triggering a mandatory minimum term of 15 years imprisonment. See 18 U.S.C. §924(e).

Gibson was initially represented by appointed counsel Terence Livingston, who filed pretrial motions for discovery, to suppress evidence and to dismiss the indictment. Thereafter, Gibson retained Attorney John M. Verdecchia, who represented Gibson during the remaining proceedings, including trial, in this Court. Attorney Verdecchia did not press the motions filed by Gibson's predecessor counsel, and it is unclear to what extent he pursued plea negotiations on Gibson's behalf.

Gibson was convicted by a jury after a two-day trial. The evidence showed that Gibson visited the gun store and expressed interest in a Glock pistol. Gibson disclosed that he was a felon and asked if a third party could complete the necessary paperwork on his behalf. He left a deposit for the firearm. After the gun store proprietor alerted the Alcohol, Tobacco and Firearms (ATF) agency, an ATF agent stationed at the store witnessed Gibson return to select a second firearm, a .38 caliber semiautomatic pistol, and direct his friend to execute the necessary paperwork. Ten days later, with the ATF agent again present, Gibson returned to the store to pay for and take delivery of both firearms and ammunition, at which time he was arrested.

Initially, according to the presentence report (PSR), it appeared that Gibson qualified as an armed career criminal in view of his three previous drug convictions. With an offense level of 33 and a criminal history category VI, Gibson's guideline range was calculated to be 235-293 months (PSR, ¶¶ 14-23, 37, 62).

At the sentencing hearing, the Government withdrew its information charging prior offenses after this Court *sua sponte* inquired as to the sufficiency of one of Gibson's predicate convictions. (See Transcript of Sentencing Hearing conducted on April 13, 2005 ["Sent. Tr."] at 3-7.) Because Gibson was no longer deemed to be an armed career criminal, the maximum penalty for his offense became ten years. See 18 U.S.C. § 924(a)(2). His offense level was reduced to 24 and his guideline

2

range was recalculated to 100-120 months imprisonment.  After denying counsel's motion for a downward departure, this Court sentenced Gibson to 120 months imprisonment, followed by three years of supervised release. (Id. at 24-26.)

Gibson appealed, represented by still different counsel, Aziz Safar.  On appeal he contended that the Government failed to disprove his entrapment defense at trial. His conviction was affirmed by the First Circuit on May 23, 2006.  United States v. Gibson, 181 Fed.Appx. 6 (1st Cir. 2006).  The Supreme Court denied certiorari, and Gibson's conviction became final on October 2, 2006.

B.    Postconviction Motions and Rulings

On September 24, 2007 -- nine days before the expiration of the one-year limitation period -- Gibson filed a motion to extend the time to file a §2255 motion to vacate from October 2, 2007 to November 10, 2007.  In its objection the Government, apparently unaware that Gibson had sought further review by the U.S. Supreme Court, mistakenly asserted that the one-year limitation period for filing a §2255 motion began on August 22, 2006 -- 90 days after the First Circuit's decision affirming Gibsons' conviction -- and expired on August 22, 2007.  (See Government's Response to Petitioner's Motion for Leave to File an Extension of Time to File a § 2255 Petition for Writ of Habeas Corpus ["Gov't Opposition to Motion to Extend Time"] [Doc. #63] at 1-2.) The Government also asserted that there were no circumstances warranting equitable tolling of the limitation period. (Id. at 5-6.)  On October 26, 2007 this Court denied the motion to extend "for the reasons set forth in the Government's Memorandum in Opposition."  (See Doc. #61 at *1.)

Notwithstanding this ruling, Gibson and the Government continued to make filings on this issue. On November 8, 2007 Gibson filed a reply to the Government's objection, attaching documentation showing that he had petitioned to the Supreme Court for certiorari and that review

3

was denied on October 2, 2006, thus giving him until October 2, 2007 to file a § 2255 motion.[1] In its response to that reply, the Government acknowledged this, but asserted that the motion for extension of time should still be denied because this Court lacked jurisdiction to grant such a motion. In a further submission on December 17, 2007, Gibson *for the first time* stated that he had in fact filed a §2255 motion to vacate, by depositing it into the prison mail system on September 26, 2007, but that his petition had been returned for insufficient postage and thus never reached this Court.[2]

Separately, on November 28, 2007 Gibson's mother delivered to this Court on his behalf, a "Memorandum of Law in Support of Motion under 28 U.S.C. §2255" ("11/28/07 §2255 Memorandum"), together with a copy of the Reply in Support of Motion to Extend Time that Gibson had filed 20 days earlier. In view of its previous ruling denying Gibson's motion to extend time, this Court refused to accept these documents for filing but merely retained them in the Court file. No further court action occurred in response to the foregoing filings, and the Clerk's Office has no record of having received any § 2255 motion to vacate from Gibson during this period.

In early January 2009, more than a year later, the Clerk's Office advised Gibson in response to his status inquiry that he had no pending motions in this Court. On January 23, 2009 Gibson filed the instant Rule 60(b) motion seeking relief from the October 25, 2007 ruling denying his initial motion to extend time. As grounds, Gibson asserts: (1) that the ruling was based on an incorrect

---

[1]  See "Motion to Object to Prosecutor's Response of [sic] Petitioner's Motion for Extention [sic] of Time To File a §2255 Petition for Writ of Habeas Corpus" (Doc. #65). Because that filing was in the nature of a reply in support of Gibson's motion to extend time, it is hereinafter referred to as "Reply in Support of Motion to Extend Time."

[2]  See Petitioner's Reply to 'Governments's Reply to Petitioner's Motion to Object to Prosecutor's Response of [sic] Petitioner's Motion for Extention [sic] of Time To File a § 2255 Petition for Writ of Habeas Corpus' (Doc. # 67) ("Further Reply") at 2.

4

fact [the date on which the one-year limitation period expired] and (2) that he had actually filed a §2255 motion, by giving it to prison authorities for mailing before the October 2, 2007 deadline. The Government has opposed this motion, and Gibson has filed a brief reply.

On July 13, 2009 this Court issued a Show Cause Order requiring Gibson to produce documentation supporting his assertions that he had filed (or attempted to file) a § 2255 motion to vacate within the one-year limitation period. On July 28, 2009, this Court received from Gibson documentation responsive to that Order. (Doc. #72)[3] This documentation includes a copy of a §2255 motion to vacate signed by Gibson on September 25, 2007, which he claims was placed in the prison mailing system on September 26, 2007, approximately one week prior to the expiration of the one-year limitation period.[4] Other documentation suggests, and Gibson asserts, that the § 2255 motion was returned by the Post Office for insufficient postage, allegedly because the postage stamps had been voided by the correctional facility.

In the motion to vacate included in this package Gibson asserted the following claims: (1) that his trial counsel rendered ineffective assistance by failing (a) to prosecute the pretrial motions filed by predecessor counsel; (b) to challenge the alleged inconsistencies in the testimony of the Government witnesses at trial; and (c) to challenge Gibson's convictions that were the predicate for his armed career criminal status, thereby precluding an opportunity to negotiate an effective plea agreement; (2) that his appellate counsel rendered ineffective assistance by failing to raise on appeal

---

[3]  It is unclear whether Gibson actually saw the Show Cause Order, as the copy sent to him was returned to the Court. However, this has no bearing on this Court's ruling herein, as the documentation he submitted was in any event responsive to the Show Cause Order.

[4]  Gibson asserts that his § 2255 motion "was recorded to have been received at the Waymart [prison] Post Office by Mrs. Sandra Nicholson on the 25th of September 2007." (See Rule 60(b) motion at 2.)

5

certain arguments proposed by Gibson; (3) that his conviction was invalid due to the defense of "entrapment by estoppel;" and (4) a barely coherent claim that appears to refer to the power of Congress to regulate interstate commerce, presumably in connection with the interstate commerce element of his underlying firearm offense. (See Motion to Vacate, Grounds One to Four). Separately, Gibson also filed a "Motion to Amend 28 U.S.C. §2255" [Doc. # 74], which essentially reiterates his claim of ineffective assistance based on his counsel's failure to challenge Gibson's predicate convictions and to negotiate an effective plea agreement.[5]

Thereafter, in response to a further Order of this Court, the Government filed a supplemental response to Gibson's Rule 60(b) motion, in which it challenges the documentation filed by Gibson in support of his claim that he had timely filed a §2255 motion to vacate. (See Government's Supplemental Response to Petitioner's Motion pursuant to Fed. R. Civ. P. 60(b) (Doc. #75) ["Gov't. Supp. Response"].) Gibson filed a rebuttal to the supplemental response, and this matter is now ready for decision.[6]

## DISCUSSION

Based on the filings to date, this Court must determine:

(1)     whether Gibson's Rule 60(b) motion should be granted or denied, which in turn depends on whether his motion to extend time was correctly denied;  and

---

[5]  In view of this Court's determination, infra, that no timely § 2255 motion to vacate was filed, Gibson's substantive claims need not be further discussed, and his motion to amend will be denied.

[6]  Although Gibson has requested an evidentiary hearing, no hearing is required in connection with any issues raised either by his Rule 60(b) motion or by his § 2255 claims, because, as discussed infra, the files and records of this case conclusively establish that the motion and the claims asserted are without merit. See David v. United States, 134 F.3d 470, 477 (1st Cir. 1998) (district court properly may forego any hearing on § 2255 motion "when (1) the motion is inadequate on its face, or (2) the movant's allegations, even if true, do not entitle him to relief, or (3) the movant's allegations need not be accepted as true because they state conclusions instead of facts, contradict the record, or are inherently incredible.") (internal quotes omitted); Owens v. United States, 483 F.3d 48, 57 (1st Cir. 2007) (same).

(2)     whether Gibson's attempts to belatedly file a § 2255 motion to vacate warrant equitable tolling so as to permit consideration of that motion.

A.     Rule 60(b) Motion

In his Rule 60(b) motion, Gibson argues that this Court should reconsider its denial of his initial motion to extend the time for filing a § 2255 motion to vacate, because that denial was based on an erroneous understanding of when Gibson's conviction became final.[7] Although Gibson is correct that his conviction did not become final until October 2, 2007, his motion to extend would still have been denied, because it was unaccompanied by any §2255 motion to vacate.

While the First Circuit has not addressed this issue, other courts have held that a district court does not have jurisdiction to grant an extension of the one-year period of limitation under § 2255, unless "(1) the moving party requests the extension *upon or after filing an actual section 2255 motion*, and (2) 'rare and exceptional' circumstances warrant equitably tolling the limitations period." Green v. United States, 260 F.3d 78, 82-83 (2d Cir.2001) (emphasis added). See United States v. Miller, 2008 WL 4541418 (C.D. Ill. Oct. 9, 2008) (same); United States v. Anderson, 2007 WL 2973838 (D.Minn. Oct. 9, 2007) (same). Without the filing of an actual motion for post-conviction relief, "there is no case or controversy to be heard, and any opinion [a district court] were to render on the timeliness issue would be merely advisory." Green, 260 F.3d at 82 (quoting United States v. Leon, 203 F.3d 162, 164 (2d Cir.2000)). This is true irrespective of whether the motion to extend was filed before or after the expiration of the one-year limitation period. Id.

Here, Gibson's motion for an extension of time to file a § 2255 motion to vacate did not itself

---

[7]     As noted above, this Court's ruling was based on "the reasons set forth in the Government's Memorandum in Opposition," which reasons also included the absence of any basis for equitable tolling in connection with Gibson's § 2255 motion. (See Gov't Oppos. to Motion to Extend Time at 5-6.) As discussed infra, this ground was correct.

articulate any cognizable claim under § 2255, nor was it accompanied by any § 2255 motion. Even assuming that Gibson unsuccessfully attempted to file a § 2255 motion to vacate shortly after he filed his motion to extend, this does not change the analysis, as this Court never received that motion. In the absence of any accompanying § 2255 claim, this Court lacked jurisdiction to extend the time for filing a § 2255 motion, and Gibson's motion for extension could not have been granted. Id. at 83. Compare Anderson v. Pennsylvania Attorney General, 82 Fed.Appx. 745 (3d Cir. 2003) (motion to extend should have been granted, where it included barebones allegation of a habeas claim). It follows that this Court's denial of Gibson's motion to extend was correct, and his present Rule 60(b) motion must likewise be denied.[8]

B.    Equitable Tolling

The next question is whether Gibson is entitled to equitable tolling with respect to his attempts to file a § 2255 motion to vacate.

Under the doctrine of equitable tolling "a statute of limitations – unless its time limit is 'jurisdictional' – may be extended for equitable reasons not acknowledged in the statute creating the limitations period." David v. Hall, 318 F.3d 343, 345-346 (1st Cir. 2003). The First Circuit has, without expressly accepting the doctrine in the postconviction context, emphasized that the equitable tolling doctrine is invoked only in rare and exceptional cases where "extraordinary circumstances beyond the claimant's control prevented timely filing, or the claimant was materially misled into missing the deadline." Trenkler v. United States, 268 F.3d 16, 25 (1st Cir. 2001) (internal quotations omitted).  See United States v. Barreto-Barreto, 551 F.3d 95, 100-101 (1st Cir. 2008) (same).

---

[8]    This Court notes that Gibson asserts in his Rule 60(b) Motion that the denial of his motion to extend time is 'irrelevant' in view of his claim that the § 2255 motion was 'filed on time' prior to the expiration of the one-year limitation period. (See Rule 60(b) Motion at 1.)  However, as discussed infra, no § 2255 motion was filed 'on time,' and in any event the motion to extend was correctly denied.

Equitable tolling is not warranted where the claimant simply "failed to exercise due diligence in preserving his legal rights." Trenkler, 268 F.3d at 25 (quoting Irwin v. Dept. of Veterans Affairs, 498 U.S. 89, 96 (1990)).  The party seeking equitable tolling bears the burden of establishing the basis for it.  Barreto-Barreto, 551 F.3d at 101.  Moreover, ignorance of the law is not grounds for equitable tolling.  See Delaney v. Matesanz, 264 F.3d 7, 15 (1st Cir. 2001).

Here, none of the three possible attempts by Gibson to file a motion to vacate can be deemed to qualify for equitable tolling.  It is clear that the § 2255 motion that Gibson attempted to file one week prior to the expiration of the one-year limitations period but was returned for insufficient postage did not constitute a filing, let alone a timely filing, of such motion. First, by Gibson's own admission this filing never reached this Court, as the package was returned for insufficient postage. Moreover, Gibson does not assert, nor could he, that he promptly attempted to re-submit this motion to vacate into the prisoner mail system within a reasonable time after it was returned.[9] The documents that Gibson's mother attempted to submit to this Court on November 28, 2007 (discussed more fully below) clearly do not constitute a second attempt to file this § 2255 motion to vacate. As the Government points out, based on Gibson's submissions to this Court, those documents differ considerably from the §2255 motion that Gibson asserts he unsuccessfully attempted to mail two months earlier.  Thus, it is clear that this attempted filing does not warrant equitable tolling.

Gibson's attempted filing (via a third party) on November 28, 2007 itself fails to warrant

---

[9]   Although this Court need not resolve the issue, it is debatable whether the § 2255 motion could be deemed to be filed on September 26, 2007, the date Gibson claims to have deposited it in the prison mail system.  In order to take advantage of the prisoner mail box rule, a prisoner must do all that he can do, to benefit from this rule.  See Thompson v. Raspberry, 993 F.2d 513, 515 (5th Cir. 1993)(the mailbox rule "does not relieve a prisoner of the responsibility of doing all that he or she can reasonably do to ensure that documents are received by the clerk of court in a timely manner").  This would include affixing proper postage and promptly attempting to re-mail the motion.

equitable tolling.  On that date Gibson's mother attempted to file on his behalf the 11/28/07 §2255 Memorandum, along with a copy of Gibson's previously-filed Reply in Support of Motion to Extend Time.  As the Government notes, neither document contains any mention of his unsuccessful attempt to file a §2255 motion or of difficulties with postage.  (Gov't Supp. Response at 4.)  Even if these documents could be liberally construed to constitute a §2255 motion to vacate and accompanying cover motion for leave to file such motion late, they were not accepted for filing, in view of this Court's prior denial of Gibson's motion to extend time.  Moreover, even if this submission could nonetheless be deemed to constitute a belated filing, it does not warrant equitable tolling, as Gibson has not shown any "extraordinary circumstances beyond [his] control prevent[ing] timely filing," or that he "was materially misled into missing the deadline." Trenkler, 268 F.3d at 25.  Indeed, Gibson's own submissions show that he was clearly conscious of the deadline for timely filing his § 2255 motion.

This leaves for consideration the § 2255 motion to vacate filed by Gibson on or about July 28, 2009, as part of the package of documents responsive to this Court's Show Cause Order.  This document is likewise not subject to equitable tolling, as Gibson has made no showing of extraordinary circumstances beyond his control and continued diligence that would warrant the invocation of equitable tolling, even if it were to be recognized in the First Circuit in this context. See Trenkler, 268 F.3d at 25.  Furthermore, the document was filed 20 months after his unsuccessful attempt (via a third-party) to file documents in November 2007.[10]

Thus, Gibson has failed to show that he has consistently and diligently attempted to file any

[10]  To the extent that it purports to be a copy of the § 2255 motion that Gibson attempted to file on September 26, 2007, the document itself is irregular, as one of its pages is date-stamped "November 28, 2007" and appears to have been taken from the 11/28/07 § 2255 Memorandum submitted by Gibson's mother, discussed supra -- some two months after the date of Gibson's original filing attempt.

§ 2255 motion to vacate that is entitled to equitable tolling.

This Court has considered all of Gibson's other arguments and finds them to be without merit.

CONCLUSION

In view of the foregoing considerations, this Court rules as follows:

1.  Gibson's Rule 60(b) motion requesting this Court to reconsider its denial of his motion to extend time is hereby DENIED;

2.  To the extent that Gibson has attempted to file a § 2255 motion to vacate, any such motion is DENIED and DISMISSED as untimely; and

3.  Because this Court finds that no § 2255 motion to vacate has been timely filed -- or can be deemed timely filed -- Gibson's motion to amend his motion to vacate (Doc. #74) is DENIED as moot.

Denial of Certificate of Appealability

Because Gibson has not made a substantial showing of the denial of a constitutional right as to any of the issues raised, this Court declines to issue any certificate of appealability pursuant to 28 U.S.C. §2253(c). See Rule 11(a), Rules Governing Section 2255 Proceedings; Fed. R. App. P. 22(b)(1).

SO ORDERED:

Mary M. Lisi
Chief United States District Judge

Date: December // , 2009

ENTER:

Clerk